IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| MICHAEL GRAGG and TRACEY GRAGG, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 17-cv-3195 ) |
| SIU PHYSICIANS and SURGEONS, et al., | ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiffs Michael Gragg and Tracey Gragg's (the Graggs) Motion for Leave to Proceed in District Court Without Prepaying Fees or Costs (d/e 2) (Motion). The Motion seeks permission to proceed in forma pauperis. This Court shall dismiss any complaint brought under a request to proceed in forma pauperis if the Court determines that the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(ii). For the reasons set forth below, this Court recommends that the District Court deny the Motion and dismiss this case for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(ii).

PLAINTIFFS' ALLEGATIONS

The Graggs attempt to allege claims under 42 U.S.C. § 1983 against SIU Physicians & Surgeons, Quanada Women Shelter, Memorial Health Systems c/o Mental Health Services of Central Illinois, and Central Illinois Kidney & Dialysis Center. Complaint (d/e 1). Section 1983 authorizes private actions against a person who, under color of law, deprives the plaintiff of his or her rights under the Constitution and federal law. 42 U.S.C. § 1983. The alleged wrongdoer must be a state actor to be liable under § 1983. See American Manufacturers Mutual Insurance Co. v Sullivan, 526 U.S. 40, 49-50 (1999). The only possible state actor among the Defendants is SIU Physicians & Surgeons.[1] The Graggs, therefore, fail to state a claim under § 1983 against the other Defendants.

The Graggs allege a claim against SIU Physicians and Surgeons for negligence and medical malpractice in the diagnosis and treatment of Plaintiff Michael Gragg. A claim for medical malpractice does not state a constitutional claim under § 1983. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). Furthermore, the Graggs cannot bring a § 1983 claim for violations of a federal statute unless the federal statute clearly and expressly shows

---

[1] The Court does not decide whether SIU Physicians and Surgeons is a state actor. The Court is only finding that the alleged connection with Southern Illinois University (SIU) provides some basis to indicate that SIU Physicians and Surgeons may be a state actor.

that Congress intended to create a new individual right to an identifiable class. The statute "'must be phrased in terms of the persons benefited' with 'an unmistakable focus on the benefited class.'" Planned Parenthood of Indiana Inc. v. Commissioner of Indiana State Department of Health, 699 F.3d 962, 973 (7th Cir. 2012) (quoting Gonzaga University v. Doe, 536 U.S. 273, 279-283 (2002). The Graggs fail to identify any federal statute that confers any such right on them. The Graggs fail to state a § 1983 claim against any of the Defendants.

The Graggs' malpractice allegations might or might not state a claim under Illinois law.[2] This Court, however, does not have subject matter jurisdiction to hear claims based on state law unless the plaintiff: (1) alleges at least one claim under a federal law; or (2) alleges that the plaintiffs are citizens of one state and all the defendants are citizens of another state. 28 U.S.C. §§ 1331, 1332, 1367.[3] The Graggs do not allege a federal claim and do not allege that the Defendants are not citizens of the same state as the Graggs. The Graggs fail to state a claim that may proceed in this Court.

---

[2] The Court is making no recommendation or other finding regarding whether the Graggs' complaint states any claims under state law.
[3] The Court's diversity jurisdiction also requires allegations that show an amount in controversy in excess of $75,000.00. 28 U.S.C. § 1332.

THEREFORE, THIS COURT RECOMMENDS that Plaintiffs Michael Gragg and Tracey Gragg's Motion for Leave to Proceed in District Court Without Prepaying Fees or Costs (d/e 2) should be DENIED, and this case should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(ii) because the Plaintiffs fail to state a claim for which relief may be granted in this Court.

The Plaintiffs are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file a timely objection will constitute a waiver of objections on appeal. See Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See Local Rule 72.2.

ENTER: September 27, 2017

*s/ Tom Schanzle-Haskins*
UNITED STATES MAGISTRATE JUDGE